UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| NORMAN PERNELL, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 3:08-CV-204 WL |
| | ) | |
| SUPERINTENDENT, | ) | |
| | ) | |
| Respondent. | ) | |

OPINION AND ORDER

Norman Pernell, a *pro se* prisoner, filed this habeas corpus petition challenging his 120 day loss of earned credit time in case number WCC 07-11-0173. On December 6, 2007, the Westville Correctional Facility Disciplinary Hearing Board (DHB) found him guilty of Engaging in a Group Demonstration in violation of B-223. Pernell raises seven grounds.

First, he argues that he was not given a copy of the Report of Disciplinary Hearing on the day of the hearing. Though *Wolff v. McDonnell*, 418 U.S. 539 (1974) "requires that an inmate subject to disciplinary action is provided a written statement by the factfinders as to the evidence relied on and the reasons for the disciplinary actions" (*Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007) (quotation marks and citations omitted)) it does not require that it be provided on the day of the hearing. Pernell states that prison policy requires that he be given his copy that day, but "[i]n conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). Because prison rules are not federal requirements, it is not relevant in this habeas proceeding whether or not they were violated. He also states that the delay in getting his copy caused his appeal

to be filed late, but *Wolff* does not require the opportunity to appeal. Therefore even if his appeal was procedurally rejected because of the delay (which he does not allege), that is still not a basis for habeas relief.

Second, Pernell argues that he wrote a grievance against Chaplain Green on the day of the incident and that Chaplain Green wrote the Conduct Report four days later in retaliation.

> [P]risoners are entitled to be free from arbitrary actions of prison officials, but . . . even assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process.

*McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999). Thus, even if Chaplain Green was motivated by retaliatory animus, that would not be a basis for habeas corpus relief.

Third, Pernell argues that he was not permitted to present a copy of his grievance against Chaplain Green during his DHB hearing. Though *Wolff v. McDonnell*, 418 U.S. 539 (1974), requires that an inmate be permitted to submit relevant, exculpatory evidence, "prisoners do not have the right to call witnesses whose testimony would be irrelevant, repetitive, or unnecessary." *Pannell v. McBride*, 306 F.3d 499, 503 (7th Cir. 2002). Pernell's grievance, written after the incident, was irrelevant to a determination as to whether he engaged in a group demonstration. Furthermore, to the extent that it had any possible relevance, it would merely have been duplicative of his own testimony as to the grievance.

Fourth, Pernell argues that the DHB violated a prison rule by not holding his hearing within seven days. The constitution does not require that he have a hearing within seven days and as previously discussed, the violation of a prison rule is not a basis for habeas relief.

Fifth, sixth, and seventh, Pernell argues that various reports contradict each other. Such contradictions are not relevant in a habeas proceeding because "the relevant question is whether

there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985). "The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 457 (1985).

> In reviewing a decision for some evidence, courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis.

*McPherson v. McBride*, 188 F.3d 784, 786 (7th Cir. 1999) (quotations marks and citation omitted). Here, Pernell does not specifically allege that there was insufficient evidence to find him guilty, but even if he had, he could not have obtained habeas corpus relief because there was more than sufficient evidence to find that he engaged in a group demonstration. The conduct report, written by Chaplain Green, states that he refused to return to his housing unit and stated, "We're not leaving!" DE 1 at 8. This alone is sufficient evidence to find him guilty, but when combined with the other reports of collective refusal after the MSTA service was cancelled, the evidence is more than adequate. *See Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985) (disciplinary action supported when inmate was one of three seen fleeing from scene of assault even when victim denied fellow inmates had assaulted him); *Hamilton v. O'Leary*, 976 F.2d 341, 346 (7th Cir. 1992) (discovery of weapon in area controlled by four inmates created twenty-five percent chance of guilt supporting disciplinary action); and *Mason v. Sargent*, 898 F.2d 679, 680 (8th Cir. 1990) (disciplinary action supported when contraband was found in locker shared by two inmates).

> Because Pernell has presented no basis for habeas relief, his petition will be denied.
>
> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner.

SECTION 2254 HABEAS CORPUS RULE 4. For the foregoing reasons, the court **DENIES** this habeas corpus petition.

    SO ORDERED.

    ENTERED: May 5, 2008

                                                  s/William C. Lee
                                                 William C. Lee, Judge
                                                 United States District Court